**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terry Williams, Appellant.

Appellate Case No. 2015-001727

———————————

Appeal From Williamsburg County
R. Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-176
Submitted March 1, 2018 – Filed May 2, 2018

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————————

**PER CURIAM:** Terry Williams appeals his convictions for voluntary manslaughter, assault and battery of a high and aggravated nature (ABHAN), and possession of a firearm during the commission of a violent crime. On appeal,

Williams argues the trial court abused its discretion by allowing the State to question his wife on re-direct examination about two prior instances of domestic violence because (1) his wife's testimony on cross-examination that he had never been in a confrontation did not open the door to character evidence pursuant to Rule 404(a)(1), SCRE; (2) his wife's testimony on cross-examination did not open the door to prior bad act evidence pursuant to 404(b), SCRE; and (3) the State's use of the prior instances of domestic violence as impeachment evidence against his wife should have ended when his wife admitted she and Williams had engaged in confrontations. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court abused its discretion by allowing the State to question Williams's wife about the two prior instances of domestic violence pursuant to Rule 404(a)(1), SCRE: *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Page*, 378 S.C. 476, 483, 663 S.E.2d 357, 360 (Ct. App. 2008) ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial [court]."); *Douglas*, 369 S.C. at 429-30, 632 S.E.2d at 848 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(a), SCRE ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except . . . [e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."); *State v. Young*, 364 S.C. 476, 484, 613 S.E.2d 386, 390 (Ct. App. 2005), *aff'd as modified*, 378 S.C. 101, 661 S.E.2d 387 (2008) ("Generally, evidence of a defendant's character is not admissible to show a propensity to act in conformity therewith; however, it is well settled that if a defendant places his character in issue, the State may offer evidence of the defendant's bad character."); *State v. Robinson*, 305 S.C. 469, 474, 409 S.E.2d 404, 408 (1991) (providing a party who opens the door to evidence "cannot complain of prejudice from its admission").

2. As to the remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**